The Honorable Jodie Mahony State Senator 106 W. Main, Ste. 406 El Dorado, AR 71730-3693
Dear Senator Mahony:
You have requested an Attorney General opinion concerning a contract entered into by the Advertising and Promotion Commission (A P Commission) for the City of El Dorado.
You indicate that a question has arisen about a contract between the A P Commission and the city's Chamber of Commerce, under which the Chamber of Commerce is to provide staff and administrative services for the Commission. The amount of the contract exceeds $10,000.00.
Your question is:
 Is the A P Commission required to take bids for these services as opposed to negotiating, and if so, must the Commission accept the lowest bid?
Response
It is my opinion that the A P Commission is not required by state law to solicit bids for its expenditures, provided that the expenditure is one that is authorized by law. Expenditures for administrative services are authorized by law.
Although cities, acting through their mayors or other authorized representatives, are required to solicit bids for certain purchases the price of which exceeds $10,000.00, see A.C.A. § 14-58-303,[1] it is my opinion that advertising and promotion commissions are not subject to this requirement.
Advertising and promotion commissions are governed by the provisions of A.C.A. § 26-75-605 and -606. The specific sections that are pertinent to the issue you have raised are found in Section -606, which give such commissions wide discretion in the use of advertising and promotion funds (provided that the expenditures are made for authorized purposes). In particular, Section -606(a)(1) states in pertinent part:
 (a)(1) All funds credited to the city advertising and promotion fund pursuant to this subchapter shall be used for advertising and promoting the city and its environs or for the construction, reconstruction, extension, equipment, improvement, maintenance, repair, and operation of a convention center or for the operation of tourist promotion facilities in the city, and facilities necessary for, supporting, or otherwise pertaining to, a convention center, or for the payment of the principal of, interest on, and fees and expenses in connection with, bonds as provided in this subchapter in the manner as shall be determined by the city advertising and promotion commission. The city advertising and promotion commission may engage such personnel and agencies and incur such administrative costs that it deems necessary to conduct its business.
A.C.A. § 26-75-606(a)(1) (emphasis added). This statute contains no language requiring advertising and promotion commissions to solicit bids.
Section -606(c) is also pertinent to this issue. It states:
 (c)(1) All local taxes levied as authorized in § 26-75-602 (a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section.
(2) Such taxes shall not be used:
(A) For general capital improvements within the city;
(B) For the costs associated with the general operation of the city; or
 (C) For general subsidy of any civic groups or the chamber of commerce.
 (3) However, the advertising and promotion commission may contract with such groups to provide to the commission actual services that are connected with tourism events or conventions.
 (4) The authorization and limitations contained in this subsection shall be reasonably construed so as to provide funds for promoting and encouraging tourism and conventions while not allowing such special revenues to be utilized for expenditures that are normally paid from general revenues of the city.
A.C.A. § 26-75-606(c) (emphasis added).
Again, the language granting contractual authority to the commission makes no mention of bids.
It is my opinion that if the legislature had intended to require the commission to solicit bids before making the expenditures or entering into the contracts that are authorized by this statute, it would have so indicated. Moreover, it is my opinion that if the legislature had intended the general bidding requirements that apply to cities to be applicable to advertising and promotion commissions, it would have stated this intent.
The language of the general bidding requirement for cities (A.C.A. §14-58-303) plainly applies to the very types of expenditures that advertising and promotion commissions are not authorized to make — expenditures related to general capital improvements for the city, expenditures related to the general operation of the city, and other expenditures that can be made from the city's general revenues. See
A.C.A. § 26-75-606(c).[2] In fact, the language of this general bidding statute refers to purchases made by "the mayor or his duly authorized representative," which clearly does not refer to the advertising and promotion commission. In this regard, I note that the general bidding statute was passed in 1959 (Acts 1959, No. 28, § 5), six years before the creation of advertising and promotion commissions (Acts 1965, No. 185, § 5). The fact that the legislature explicitly prohibited advertising and promotion commissions from making the types of expenditures that are governed by the general bidding statute is an indication that it did not intend for the commission's expenditures to be governed by the general bidding statute. Indeed, because of the wide discretion granted to advertising and promotion commissions, their expenditures need not even be approved by the city council. See Op. Att'y Gen. No. 97-259.
Accordingly, I conclude that the A P Commission for the City of El Dorado need not solicit bids for a contract for staff and administrative services.[3]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It is my understanding that the City of El Dorado has reduced this threshold amount to $5,000.00, pursuant to A.C.A. § 14-58-303(b)(1).
[2] The provisions of A.C.A. § 22-9-203, which govern bids for major repairs, alterations, erection of buildings and structures, and other permanent improvements, are also inapplicable for this reason.
[3] Because I have reached this conclusion, it is unnecessary for me to address the question of whether the commission is required to accept the lowest bid. However, I will note that even in instances in which the general bidding statute does apply, the mayor or his representative may reject the lowest bid. See A.C.A. § 14-58-303(b)(2)(A)(iii).